968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel L. TURNER, Defendant-Appellant.
 No. 88-3105.
 United States Court of Appeals, Seventh Circuit.
 Argued July 7, 1992.
Decided July 13, 1992.
 
 Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Convicted of mail fraud, Samuel L. Turner contends that the trial was unfair because the prosecutor bolstered the credibility of a witness while the district judge blocked his attempt to do the same for his own story.
 
 
 2
 Jake Terry testified against Turner. The prosecutor argued to the jury that Terry was cooperative and had a good reason to tell the truth: Terry's plea bargain depended on truthful testimony, and lies would expose him to prison. Turner sought to make himself look more cooperative by informing the jury that he assented to an insurance investigator's inquiry whether he would take a polygraph test (although none was administered). These two events together stacked the deck against him, Turner concludes.
 
 
 3
 It was the prosecutor's evidence and not such byplay that put Turner behind the eight ball. Prosecutors may inform the jury about witnesses' motives. E.g., United States v. Mealy, 851 F.2d 890, 898-900 (7th Cir.1988). And judges are entitled to exclude evidence of a defendant's willingness to take a "lie detector" test. United States v. Bursten, 560 F.2d 779, 785 (7th Cir.1977). Evidence about the results of polygraph tests may be admissible on the stipulation of the parties, but here there was no test, and no solid inference to be drawn from a discussion between Turner and an insurance investigator that led to nothing. Turner had a fair trial.
 
 
 4
 AFFIRMED.